d

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| KYLENE KRISTEN STEELE, Plaintiff | CIVIL DOCKET NO. 1:25-CV-00946 |
| VERSUS | JUDGE EDWARDS |
| LOWES HOME IMPROVEMENT ET AL, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

# MEMORANDUM ORDER

Before the Court are Defendant Lowe's Home Centers, LLC's Motion for Protective Order, Status Conference, and to Stay Written Discovery Response Deadlines (the "Motion for Protective Order" ECF No. 41) and pro se Plaintiff Kylene Steele's Motion to Compel Nonparty Darden/Olive Garden to Comply with Subpoena (the "Motion to Compel," ECF No. 53). The Court held a status conference with the parties on October 14, 2026. ECF No. 58.

Given the ongoing disputes between the parties and the nature of the discovery issues at present, ECF No. 41 is GRANTED IN PART as specified below. And because the subpoena at issue was not properly noticed, issued, or timed, the Motion to Compel ECF No. 53 is DENIED WITHOUT PREJUDICE. The Court provides additional guidance and instruction as set forth below as well to facilitate a more orderly, and less contentious, discovery process from this point forward.

## I. Background

Steele is proceeding pro se, and the Court affords her appropriate latitude. But self-representation does not excuse compliance with the rules. Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981). Since July 9, 2026, Therefore, Steele's compliance with procedural rules, and her work with defense counsel to that end, will be critical to a smooth and adequate discovery process.

Meanwhile, so far, Steele has served five sets of written discovery and two Rule 30(b)(6) notices. ECF No. 41-1 at 2-4. The Second Notice lists twenty topics, attaches 31 document requests, and sets a deposition for October 21, 2026. *Id.* at 3.

To date, the record indicates that Lowe's has produced more than 1,300 pages and answered 59 discovery requests styled as requests for admission. *Id.* at 1, 3, 5. Plaintiff withdrew the First Set on July 26 and the Supplemental Requests and Fifth Set on September 3. ECF No. 43 at 2 n.2. The Fourth Set and the Second Notice remain.

## II. Law and Analysis

### A. ECF No. 41

Discovery must be relevant and proportional, and courts should limit discovery that is cumulative or unreasonable. Fed. R. Civ. P. 26(b)(1), (b)(2)(C). The movant under Rule 26(c) bears the burden of a "particular and specific demonstration of fact." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998).

Here, Lowe's has not evidenced or indicated that adequate conferral took place, and ommunication difficulties plainly underlie some of these disputes. As such, the Court does not grant the blanket relief Lowe's requested.

However, the record and conference showed enough to warrant a pause. Withdrawn requests were re-served, sets overlap, and the Second Notice does not describe topics with reasonable particularity. For instance, Topic 13 reaches every defense, and Topic 20 incorporates all thirty-one document requests. See Fed. R. Civ. P. 30(b)(6).

Meanwhile, the Court credits Plaintiff's offer to limit inquiry to Store #2965 and 2023 through 2025. ECF No. 42 at 7. The parties should therefore bear the following in mind:

- *Mechanisms.* A request for admission seeks admission of facts, the application of law to fact, or the genuineness of documents. Fed. R. Civ. P. 36(a)(1). A request that asks Lowe's to explain, describe, or identify is an interrogatory regardless of its label, and counts toward the limit of twenty-five. Fed. R. Civ. P. 33(a)(1). Requests for production, interrogatories, requests for admission, deposition notices should not generally repeat one another.
- *Comparators and nonparty files.* A request for records about other employees must identify the person, position, supervisor, conduct, and time period that make the person a proper comparator. Managers and human-resources staff are not comparators merely because of their roles. Nonparty confidentiality is addressed by the Protective Order (ECF No. 39). A standing bar on nonparty records is unnecessary, and a standing leave-of-court requirement is premature.

- *Conference.* Before any further discovery is served, the parties must confer by telephone, video, or in person. See LR 37.1. Email alone does not suffice. The purpose is to attempt resolution in good faith and to record that attempt. Plaintiff should identify the subjects she needs, tied to the claims in ECF No. 50, with reasonable particularity. Lowe's should state any objection to a specific topic rather than to the notice as a whole.

Accordingly, the Motion for Protective Order will be GRANTED IN PART as set forth below.

B. <u>The Motion to Compel (ECF No. 53)</u>

A motion to compel a nonparty is, by nature, made "on notice to the commanded person." Fed. R. Civ. P. 45(d)(2)(B)(i). Here, the certificate of service reflects service on Lowe's counsel only. ECF No. 53 at 8. The record contains informal emails from the third party's representative but no written objection under Rule 45(d)(2)(B). The subpoena was served September 28 and demanded compliance by October 2, which likely does not clearly allow a reasonable time. Fed. R. Civ. P. 45(d)(3)(A)(i). Further, the filed copy does not reflect issuance by the clerk, Fed. R. Civ. P. 45(a)(3), or prior notice to Lowe's, Fed. R. Civ. P. 45(a)(4).

The subpoena also seeks records of a separate employer and a separate termination, and their relevance to the claims already involved in this case depends on a pending motion to amend, which is not fully briefed or settled here. But the Court observes that the asserted amendments would add parties, events, and issues that

appear, at least at first glance, largely unrelated to the events underlying this lawsuit.

The Court makes these observations so that the procedural requirements applicable to nonparties are observed, and that any renewed subpoena can satisfy them. Meanwhile, the Motion to Compel is DENIED.

## III. Conclusion

For the reasons stated above,

IT IS ORDERED that ECF No. 41 is GRANTED IN PART to the extent it seeks a stay of Lowe's response obligations, an order that no request for admission be deemed admitted during the stay, and narrowing of the Second Rule 30(b)(6) Notice and its document requests, which the Court accomplishes by quashing them without prejudice. It is DENIED IN PART in all other respects, including the requests to bar further requests for admission or interrogatories absent leave of court, to relieve Lowe's of any obligation to produce nonparty personnel files, and for general protection from duplicative requests. The stay also extends to both parties and to subpoenas and depositions, including the Caldwell deposition.

IT IS FURTHER ORDERED that all further written discovery, subpoenas, and depositions by either party are STAYED until further order. No request for admission will be deemed admitted during the stay, and Lowe's need not respond to the Fourth Set. The scheduling order deadlines are unchanged.

IT IS FURTHER ORDERED that the Second Rule 30(b)(6) Notice and its attached document requests are QUASHED WITHOUT PREJUDICE. The October

21, 2026 deposition and the deposition of Benjamin Caldwell are CONTINUED without date.

IT IS FURTHER ORDERED that within fourteen days the parties shall hold a conference as described above, and that Steele may serve a revised notice, or the parties may brief or argue a dispute to the Court, only after conferral.

IT IS FURTHER ORDERED that the parties shall file a joint status report fourteen days from the date of this Order, and every thirty days thereafter until the stay is lifted. Each report shall state the date and manner of each conferences, resolutions, and other relevant details, and should also indicate whether the stay should be lifted.

IT IS FURTHER ORDERED that ECF No. 53 is DENIED.

SIGNED on Thursday, October 15, 2026.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE